**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. ) ) |
| CITY COLLEGES OF CHICAGO D/B/A HAROLD WASHINGTON COLLEGE, | ) ) Jury Trial Demanded ) |
| Defendant. | ) ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action under the Age Discrimination and Employment Act (the "ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief to Nancy Sullivan ("Sullivan"). Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), alleges that Defendant violated the ADEA by failing to hire Sullivan for a full-time faculty position at Harold Washington College.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination and Employment Act of 1967, as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217.

2. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

1

## PARTIES

3. Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, City Colleges of Chicago d/b/a Harold Washington College, one of seven colleges that comprise the City Colleges of Chicago, has continuously been doing business in the State of Illinois and the City of Chicago, and continuously has had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b),(g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, a charge of discrimination was filed with the Commission alleging that Defendant violated the ADEA by failing to hire Sullivan for a full-time faculty position.

7. On August 6, 2013, the EEOC determined that there is reasonable cause to believe that Defendant discriminated against Sullivan based on her age by failing to hire her, in violation of the ADEA.

8. Prior to institution of this lawsuit, the Commission attempted to eliminate the unlawful employment practices alleged below through informal methods of conciliation, conference, and persuasion:

    a)    On August 6, 2013, the Commission invited Defendant to engage in informal conciliation efforts to eliminate the practices the Commission found unlawful.

    b)    Defendant declined the invitation to engage in informal conciliation efforts.

    c)    On August 28, 2013, the Commission determined that it was unable to obtain an agreement acceptable to the Commission by informal methods of conciliation, conference, and persuasion, and concluded those efforts.

9. All conditions precedent to the institution of this suit have been fulfilled.

10. Since at least 2011, Defendant has engaged in unlawful employment practices in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a). These practices include failing to hire Sullivan for a full-time faculty position because of her age.

11. From at least 2006 to 2012, Sullivan worked at Harold Washington College as an adjunct professor in the Department of English, Speech, and Theatre.

12. On or about September 15, 2011, Defendant posted three openings for full-time faculty in the English Department, for which Sullivan applied.

13. Sullivan was qualified for the openings, but was not selected.

14. Sullivan provided Defendant with positive hiring recommendations from at least three full-time faculty members in the English Department with whom she had worked.

15. The persons selected for the positions were younger and less qualified than Sullivan.

16. Defendant continued to utilize Sullivan as an adjunct professor after failing to hire her for a full-time faculty position.

17. The effect of the practices complained of above has been to deprive Sullivan of equal employment opportunities and otherwise adversely affect her status as an employee, because of her age.

18. The unlawful employment practices complained of above were intentional and willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of age against individuals 40 years of age or older.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful practices;

C. Order Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Sullivan;

D. Order Defendant to appoint Sullivan to a full-time, tenure track position;

E. Grant such further relief as the Court deems necessary and proper in the public interest; and

F. Award the Commission its costs in this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Date: July 31, 2014                              Respectfully submitted,

                                                        P. DAVID. LOPEZ
                                                        General Counsel

                                                        JAMES L. LEE
                                                        Deputy General Counsel

                                                        GWENDOLYN YOUNG REAMS
                                                        Associate General Counsel

                                                        U.S. Equal Employment Opportunity Commission
                                                        131 M. Street, N.E.
                                                        Washington, D.C. 20507

                                                        <u>s/ John C. Hendrickson</u>
                                                        John C. Hendrickson
                                                        Regional Attorney

                                                        <u>s/ Gregory M. Gochanour</u>
                                                        Gregory M. Gochanour
                                                        Supervisory Trial Attorney

                                                        <u>s/ Laurie Elkin</u>
                                                        Laurie Elkin
                                                        Trial Attorney

                                                        U.S. Equal Employment Opportunity Commission
                                                        Chicago District Office
                                                        500 West Madison Street, Suite 2000
                                                        Chicago, Illinois 60661
                                                        (312) 869-8107
                                                        Laurie.elkin@eeoc.gov