**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| v. | No. 14-cv-05864 |
| | Judge Sara Ellis |
| CITY COLLEGES OF CHICAGO d/b/a HAROLD WASHINGTON COLLEGE | Magistrate Judge Susan Cox |
| Defendant. | |

**EEOC'S JOINT MOTION FOR SANCTIONS (INCLUDING COSTS) FOR CITY
COLLEGES' FAILURE TO PRESERVE AND PRODUCE RELEVANT DOCUMENTS**

On July 31, 2014, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action alleging that City Colleges failed to hire applicant Nancy Sullivan because of her age. The EEOC learned only last week that in January 2015 -- months after the filing of the suit and years after the filing of Sullivan's charge –Professor Moody, one of the decision-makers for the hiring decision at issue *shredded* the notes that he took during the teaching demonstrations of the other candidates for the position.  Moody Deposition Transcript, p. 93, *attached* as Exhibit A. City Colleges proffered supposed differences in the teaching demonstrations of the selected candidates – Maria Ortiz and Christopher Thomas -- as a legitimate non-discriminatory reason for their decision not to hire Sullivan.  City College's failure to preserve and produce the notes related to the other candidates thus deprives the EEOC of a complete opportunity to challenge this alleged legitimate non-discriminatory reason by depriving EEOC of the opportunity to question Moody about the teaching demonstrations in detail, and also of the opportunity to use the notes to refresh the recollection of each of the other members of the hiring committee.

1

Accordingly, pursuant to Federal Rule of Civil Procedure 37 and this Court's inherent authority, EEOC moves this court for entry of a sanctions order against Defendant City Colleges.

1. During his deposition on January 31, 2016, faculty member Moody, one of the members of the committee that passed over applicant Sullivan in favor of other younger candidates, testified that in January 2015 he shredded notes regarding the teaching demonstrations of the other candidates. Exhibit A, p. 93. Moody reported that he engaged in this shredding in response to an administrative request to clean his office. At the time that Moody shredded the notes, the EEOC's case was already pending in this court and City Colleges had already produced notes that Moody took regarding applicant Sullivan. *See* Notes, attached as Exhibit H. Indeed, City Colleges produced Moody's notes on Sullivan during the administrative investigation that preceded the lawsuit in January 2013 in response to a request for "*all* notes and/or scoring sheets taken by the department interviewers" for Sullivan and for the successful candidates for the position. *See* December 17, 2012 E-mail from Counsel for City Colleges to EEOC Investigator and responses, *attached as* Exhibit B.

2. Both this Court's inherent powers as well as the Federal Rules of Civil Procedure give the Court the authority to sanction a party for failure to preserve documents. *Jones v. Bremen High Sch. Dist. 228*, No. 08 C 3548, 2010 WL 2106640, at *5 (N.D. Ill. May 25, 2010). Sanctions are appropriate where 1) "there was a duty to preserve the specific documents . . . , 2) that the duty was breached, 3) that the other party was harmed by the breach, and 4) the breach was caused by the breaching party's willfulness, bad faith, or fault." *Id.*

3. In a federal employment discrimination case, the duty to preserve relevant materials attaches when employer receives notice of the charge of discrimination. *Northington v. H & M Int'l*, No. 08-CV-6297, 2011 WL 663055, at *6 (N.D. Ill. Jan. 12, 2011). City Colleges received

2

notice of the charge in 2013, two years before Moody shredded his notes. *See* Notice of

Charge, dated September 28, 2012, *attached as* Exhibit C.

4.  The shredding of Moody's notes is a prejudicial breach of the duty to preserve. City

Colleges has asserted that one reason it did not hire Sullivan was the quality and content of

her teaching demonstration in comparison with Maria Ortiz and Christopher Thomas. *See*

Defendant's position statement, *attached* as Exhibit D. EEOC may prevail in this action by

showing that this proffered reason—the differences in quality of the teaching demonstrations

-- is pretext for age discrimination. *See Silverman v. Bd. of Educ. of City of Chicago*, 637

F3.d 729, 738 (7th Cir. 2011). One way to do this is to compare Sullivan's teaching

demonstration to the teaching demonstrations of the other candidates. Moody's notes could

have been used by the EEOC both to question Moody about any assertion that he made that

Sullivan's presentation was lacking in comparison with the other candidates and to refresh

the recollection of the other participant-decision-makers about supposed differences in

quality between Sullivan and the other candidates. Moody's notes may have contained

information showing that contrary to Defendant's position, there was little difference in

quality or content between the presentations. Moody's notes regarding the other candidates

are particularly significant because only two other members of the hiring committee were

present at Sullivan's teaching demonstration, as well as at Thomas' teaching demonstration –

Professors Dunkley and Meresman. Dunkley testified that he did not take notes during any

of the teaching demonstrations. And Meresman testified that she did take notes but she has

unable to locate them. *See* Meresman Deposition transcript, p. 59, *attached* as Exhibit E.

Thus, Moody's shredded notes are the only contemporaneous documentary record that might

have commented upon each of the teaching demonstrations. Further, at least one other

decisionmaker in the case (Prof. Estrada) testified that she may have provided her own teaching demonstration notes to Moody, suggesting that more than just Moody's own notes may have been lost when he shredded his file. *See* Deposition transcript of Maria Estrada, p. 43, 143, 163, *attached as* Exhibit G.

5. At his deposition, Moody testified that he did not recall whether he was present at Ortiz' teaching demonstration for the position at issue, and if he was, he does not recall anything about it. Exhibit A, pp. 59, 61-62. Dunkley testified however, that Moody was in fact at Ortiz' teaching demonstration for the position at issue. Dunkley Deposition transcript, attached as Exhibit F, p. 251. While Moody does not recall Ortiz' teaching demonstration for the position at issue, he does recall a teaching demonstration she performed just months earlier, and he was not impressed with that earlier demonstration. Exhibit A, pp. 59-61. Given his unfavorable opinion of her earlier demonstration, it is quite likely that his notes of her demonstration at issue would reflect he was unimpressed with that demonstration, as well.

6. Where documents have been destroyed, "sanctions can be imposed on a finding of bad faith, willfulness, or fault." *Weitzman v. Maywood, Melrose Park, Broadview Sch. Dist. 89*, No. 13 C 1228, 2014 WL 4269074, at *2 (N.D. Ill. Aug. 29, 2014).

7. "[B]ad faith is required for a severe sanction such as dismissal or an adverse inference. *Norman–Nunnery v. Madison Area Tech. Coll.,* 625 F.3d 422, 428 (7th Cir.2010) ("In order to draw an inference that the missing documents contained information adverse to the defendants, [Plaintiff] must demonstrate that the defendants intentionally destroyed the documents in bad faith."). In this context, bad faith "'can be shown by conduct that is either intentional or reckless.' *See, e.g., Long v. Steepro,* 213 F.3d 983, 987 (7th Cir. 2000) (stating

4

that 'willfulness and bad faith are associated with conduct that is intentional or reckless'); *Rosenthal Collins Group, LLC v. Trading Technologies Int'l, Inc.,* No. 05–4088, 2011 WL 722467, at *11 (N.D.Ill. Feb. 23, 2011) (Coleman, J.) (finding that severe sanctions require only gross negligence or recklessness).'" *Id.*

8. City Colleges produced notes from Moody regarding Sullivan's demonstration, notes that were favorable to their position. Thus City Colleges knew that Moody had at least some notes regarding the hiring decision at issue. City College's failure to preserve and produce Moody's other notes, which might have been favorable to the EEOC's position, thus rises to the level of willful and reckless conduct and constitutes bad faith. Accordingly, EEOC respectfully requests that this Court enter an adverse inference order instructing the jury that contemporaneous notes regarding the teaching demonstrations of applicants other than Sullivan were shredded and that the jury *must* infer that those notes contained evidence that Sullivan's teaching demonstration was of similar quality to the selected applicants.

9. A showing of "fault" in connection with document destruction is a lesser requirement than bad faith that considers only "the reasonableness of the conduct—or lack thereof—that eventually resulted in the violation. *Marrocco,* 966 F.2d at 224; *Langley v. Union Elec. Co.,* 107 F.3d 510, 514 (7th Cir.1997). . . . Fault may be evidenced by negligent actions or a flagrant disregard of the duty to preserve potentially relevant evidence.'" *Northington v. H & M Int'l*, 2011 WL 663055, at *13. "That obligation 'requires that the agency or corporate officers having notice of discovery obligations communicate those obligations to employees in possession of discoverable materials.' *Nat'l Assoc. of Radiation Survivors v. Turnage,* 115 F.R.D. 543, 557–58 (N.D.Cal.1987). As a result, a party cannot defend its failure to preserve relevant evidence by arguing that its employees who disposed of such evidence documents

were not on notice of the issues involved in the lawsuit or the relevancy of such documents. *Cohn v. Taco Bell Corp.,* No. 92 C 5852, 1995 WL 519968, at n. 9 (N.D.Ill. Aug.30, 1995)." *Id*. at 11.

10. If this Court finds that that City Colleges did not act willfully and recklessly as required for an adverse inference, under the fault standard, EEOC respectfully requests this Court order a jury instruction informing the jury that contemporaneous notes of the teaching demonstration were shredded and that the jury *can* (but is not required to) infer that those notes contained evidence that Sullivan's teaching demonstration was of similar quality to the other applicants.

11. EEOC also respectfully requests that this Court order City Colleges to pay the agency's costs and fees associated with the motion. *See, e.g., Northington v. H & M Int'l*, No. 08-CV-6297, 2011 WL 663055, at *22 (N.D. Ill. Jan. 12, 2011), *report and recommendation adopted*, No. 08 C 6297, 2011 WL 662727 (N.D. Ill. Feb. 14, 2011) (ordering payment of fees and costs associated with prevailing party's motion for sanctions); *Domanus v. Lewicki*, No. 08 C 4922, 2012 WL 3307364, at *4 (N.D. Ill. Aug. 13, 2012) (same); *Jones v. Bremen High Sch. Dist. 228,* No. 08 C 3548, 2010 WL 2106640, at *10 (N.D. Ill. May 25, 2010).

12. If the court finds that the EEOC has not demonstrated that the standard for sanctions is satisfied, EEOC respectfully requests that the court order City Colleges to produce additional discovery including (i) copies of the litigation holds in this matter; (ii) the deposition of counsel responsible for ensuring compliance with document collection up to and including January 2015 when the documents were destroyed including the deposition of Senior Staff Attorney George Thomson who in January 2013 produced Moody's notes regarding Sullivan; and (iii) reopening of the depositions of the other nine decision-makers so that they

can be questioned as to whether they too may have provided any notes to Moody, destroyed any notes regarding the hiring process, and whether review of Moody's notes would have refreshed their recollection about the teaching demonstrations of the other candidates including those who were ultimately selected.

13. EEOC seeks sanctions because Defendant City Colleges has asserted differences in the teaching demonstrations as a legitimate non-discriminatory reason for its rejection of Sullivan. In similar circumstances, in *Talvera v. Shah*, the United States Court of Appeals for the District of Columbia found it was appropriate to treat evidence of spoliation as evidence of pretext where (as in this case) the employer proffered differences in performance during the interview process as a legitimate non-discriminatory reason for failing to hire the plaintiff but the interviewer had destroyed his notes. *See Talavera v. Shah*, 638 F.3d 303, 312 (D.C. Cir. 2011) ("A reasonable jury could conclude that Streufert's non-accidental destruction of his notes supports an inference that the notes would have contained information favorable to her claim.)

<u>DEFENDANT'S POSITION</u>

City Colleges denies that there is any basis for sanctions or costs to be awarded in this matter. Current counsel for City Colleges, Jeff Fowler and Heather Becker of Laner Muchin, Ltd., first appeared in this case in April of 2015. Prior to April of 2015, the case was handled by in-house counsel for City Colleges, and then by another law firm. Thus, Laner Muchin was not involved in the case when the preservation obligation arose or when Professor Moody shredded the documents at issue in this motion.

Counsel for City Colleges is currently in the process of gathering the specific information and communications regarding all of the steps City Colleges took to preservation documents

from previous counsel and from the individuals at City Colleges who were involved in gathering and preserving the relevant documents. Given the severity of the EEOC's claims and the implications that it would have on the case, City Colleges respectfully requests additional time to file a written response to the motion after gathering the relevant information so that it can detail for the Court its preservation efforts and why it believes that, under the law, its preservation efforts do not warrant a finding of sanctions or costs.

Respectfully submitted,

/s/ *Laurie S. Elkin*          /s/ *Deborah Hamilton*
Laurie S. Elkin              Deborah Hamilton
Trial Attorney               Trial Attorney

U.S. Equal Employment Opportunity Commission
500 W. Madison St., Suite 2000
Chicago, Illinois 60661
(312) 869-8107
Laurie.Elkin@eeoc.gov
Deborah.Hamilton@eeoc.gov