IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) ) | Case No.  14-cv-5864 |
| v. | ) ) | Judge Sara Ellis |
| | ) | |
| CITY COLLEGES OF CHICAGO d/b/a HAROLD WASHINGTON COLLEGE, | ) ) ) | |
| Defendant. | ) ) | |
| | ) | |

**CONSENT DECREE**

THE LITIGATION

1.  Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Defendant, City Colleges of Chicago d/b/a Harold Washington College ("Defendant" or "HWC") violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 621 *et seq.,* by discriminating against Charging Party Nancy Sullivan ("Sullivan") on the basis of age.  Specifically, EEOC alleged that Defendant violated the ADEA by refusing to promote Sullivan, an adjunct English instructor, to a full-time tenure-track faculty position due to her age.  HWC filed an Answer denying these allegations.

2.  In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC and HWC have agreed that this action should be fully and finally resolved by entry of this Consent Decree ("Decree").

3.  This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC and shall be binding on the EEOC; on HWC; on HWC's directors,

1

officers, employees, successors, and assigns; and on all persons in active concert or participation with HWC.

## FINDINGS

4.   Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds that:

(a) This Court has jurisdiction over the subject matter of this action and the parties;

(b) The terms of this Decree are adequate, fair, reasonable, equitable, and just;

(c) The rights of the EEOC, Sullivan, HWC, and the public interest are adequately protected by this Decree;

(d) This Decree conforms to the Federal Rules of Civil Procedure and the ADEA and is not in derogation of the rights or privileges of any person; and

(e) Entry of this Decree will further the objectives of ADEA and will be in the best interests of the EEOC, Sullivan, HWC, and the public interest.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

### INJUNCTION AGAINST DISCRIMINATION AND RETALIATION

5.   HWC, its officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from engaging in any employment practice prohibited by the ADEA, including but not limited to: (1) failing or refusing to hire an individual age 40 or older because of age;  and (2) engaging in any form of retaliation against any person because such person has opposed any practice prohibited by the ADEA, filed a charge of discrimination under the ADEA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADEA, or asserted any rights under this Decree.

## MONETARY RELIEF

6. No later than thirty (30) business days after entry of this Decree and receipt by HWC of a copy of a Release Agreement in the format of Exhibit A executed by Sullivan, whichever is later, HWC shall issue and mail to Sullivan a check in the gross amount of $60,000 less the employee's share of required payroll withholding, to the address indicated on the release by certified or registered mail. Contemporaneously, HWC shall submit a copy of such check to the EEOC.

## ANTI-DISCRIMINATION POLICY

7. HWC shall maintain a written policy against employment discrimination ("Policy") for the term of this Decree. The Policy shall, at a minimum:

(a) specifically prohibit each form of discrimination prohibited by the ADEA;

(b) inform employees that they are entitled to make complaints or reports of unlawful employment discrimination to HWC and to the EEOC;

(c) inform employees that HWC will investigate thoroughly and promptly all such complaints and reports and shall provide that employees who violate the Policy are subject to discipline up to and including discharge.

8. No later than five (5) business days after entry of this Decree, HWC shall submit a copy of its Policy to the EEOC. HWC must consider any suggestions made by the EEOC with respect to its policy. However, the inclusion of this Paragraph does not represent the EEOC's or the Court's approval of any HWC policy.

9. No later than ten (10) business days after entry of this Decree, HWC shall email the Policy to all current employees with HWC provided email addresses and post its Policy in a conspicuous location on a bulletin board or other physical space that is regularly used by HWC

for posting legal notices concerning employee rights.  The policy shall remain posted in this manner for the term of the Decree.  HWC shall provide copies of the Policy to all new employees at the time they are hired.

TRAINING

10. No later than sixty (60) calendar days after entry of this Decree, all members of the Executive Committee of the HWC English Department and all others involved in hiring decisions for full-time tenure-track faculty members for the HWC English Department shall participate in a training session regarding the laws pertaining to employment discrimination, including the obligations of employers and rights of employees under the ADEA.  The training shall be conducted in person. The in-person training shall be video-taped.  If any person required to be trained under this Decree cannot attend the in-person training, he/she shall be required to watch the video of the training session.  HWC shall repeat this training at least once every twelve (12) months for the duration of the Decree, within sixty (60) calendar days of each anniversary following entry of this Decree.  The repeat training session shall also be video-taped.  If any person required to be trained under this Decree cannot attend this repeat training session, he/she shall be required to watch the video of the repeat training session.  A registry of attendance shall be maintained for each training session required under this Paragraph.

11. HWC shall obtain the EEOC's approval of its proposed trainer and the content the trainer proposes to present before the commencement of any training session required under Paragraph 10, above.  HWC shall submit the name, address, telephone number, resume and training proposal of its proposed trainer (including copies of all materials the trainer proposes to display, distribute, or otherwise present) to the EEOC at least twenty (20) business days prior to the proposed date of each training session.  The EEOC shall have ten (10) business days from the

4

date it receives the information described above to accept or reject the proposed trainer and/or the content the trainer proposes to present.  In the event the EEOC does not approve HWC's proposed trainer and/or content, HWC shall have five (5) business days to identify an alternate trainer and/or revise the content its trainer proposes to present.  The EEOC shall then have five (5) business days from the date it receives the information described above to accept or reject the alternate trainer and/or content.  If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance under Paragraph 18, below.

12. No later than five (5) business days after each training session described in Paragraph 10 above, takes place, HWC shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended.  Every certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name and position of all the employees with supervisory, managerial and/or human resources functions, and (d) copies of any and all pamphlets, brochures, outlines or other written materials provided or displayed to the personnel attending each training session. For persons required to be trained but who cannot attend the in-person training session(s), HWC shall certify as part of its semi-annual reports that any such persons have watched the video(s) of the training session(s) he/she missed.

POSTING AND DISTRIBUTION OF NOTICE

13. No later than ten (10) business days after entry of this Decree, HWC shall post copies of the Notice attached as Exhibit B to this Decree in a conspicuous location on a bulletin board or other physical space that is regularly used by HWC for posting legal notices concerning employee rights.  The Notice shall remain posted in this manner for the term of this Decree.

HWC shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. HWC shall permit a representative of the EEOC to enter HWC's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

14. No later than fifteen (15) business days after entry of this Decree, HWC shall certify to EEOC in writing that the Notice has been properly posted in accordance with Paragraphs 13 above.

## RECORD KEEPING

15. During the term of this Decree, HWC shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report to City Colleges of Chicago's Human Resources or EEO Department and/or HWC's Human Resource or EEO Department by any employee of age discrimination or retaliation prohibited by this Decree. HWC will also report any complaints of age discrimination in hiring for full-time tenure track faculty made to the chair of any academic department. For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, HWC took; and (e) if the complaint or report was made in written form, a copy thereof.

16. HWC shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Decree.

REPORTING

17. HWC shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree.  The first Semi-Annual Report shall be due six (6) months after entry of the Decree.  Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree.  Each such Semi-Annual Report shall contain:

(a) copies of all records described in Paragraph 15, above, for the six (6) month period preceding the Semi-Annual Report or a certification by HWC that no complaints or reports of discrimination were received during that period;

(b) a list of all persons required to receive training under this Decree who watched a training session via video-tape.

(c) a certification by HWC that the Notice required to be posted pursuant to Paragraph 13 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report.

DISPUTE RESOLUTION

18. If during the term of this Decree either party to the Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied.  If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

19. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a term of two (2) years immediately following the entry of the Decree, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 18, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

20. Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

21. The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors and assigns of HWC.

22. When this Decree requires a certification by HWC of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of HWC. When this Decree requires the submission by HWC of reports, certifications, notices, or other materials to the EEOC, they shall be sent by U.S. Mail to City Colleges Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 500 W. Madison St., Ste. 2000, Chicago, IL 60661. By advance agreement of the parties, materials may alternatively be submitted by electronic mail.

SO ORDERED, ADJUDGED, and DECREED on this _13_ day of _June_ 2017.

By the Court:

_____

The Hon. Sara Ellis
United States District Judge

Agreed to in form and content:

For the UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois  60661
312-869-8000

*s/Gregory Gochanour*
GREGORY M. GOCHANOUR
Regional Attorney

*s/Laurie Elkin*
LAURIE S. ELKIN
Trial Attorney

*s/Deborah Hamilton*
DEBORAH L. HAMILTON
Trial Attorney

For CITY COLLEGES d/b/a HAROLD
WASHINGTON COLLEGE


*s/Heather Becker*
JOE GAGLIARDO
JEFFREY FOWLER
HEATHER BECKER
Attorneys for Defendant
Laner Muchin, Ltd.
515 N. State St., Ste. 28000
Chicago, Illinois  60654

9

# EXHIBIT A

## **RELEASE AGREEMENT**

In consideration of the $60,000 to be paid to me by City Colleges d/b/a Harold Washington College, in connection with the resolution of <u>EEOC v. City Colleges d/b/a Harold Washington College</u>, Case No. 14-cv-5864 (N.D. Ill.), I waive my right to recover for any claims of employment discrimination arising under the Age Discrimination in Employment Act that I had against City Colleges d/b/a Harold Washington College on or before the date of this release and that were included in the claims in EEOC's complaint in <u>EEOC v. City Colleges d/b/a Harold Washington College.</u>

Signed: _____          Date: _____
             Nancy Sullivan

Mailing Address:

_____

_____

# EXHIBIT B

## NOTICE TO HAROLD WASHINGTON COLLEGE EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in the Northern District of Illinois in *EEOC v. City Colleges d/b/a Harold Washington College*, Case No. 14-cv-5864 (N.D. Ill.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission (EEOC) against City Colleges of Chicago d/b/a Harold Washington College ("HWC").

In this lawsuit, the EEOC alleged that HWC violated the Age Discrimination in Employment Act ("ADEA") by failing to promote an English Department employee to a full-time tenure-track position because of her age. HWC filed an Answer denying these allegations.

To resolve this case, EEOC and HWC have entered into a Consent Decree requiring, among other things, that:

1. HWC will not engage in any employment practice prohibited by the ADEA;

2. HWC maintains and will continue to maintain a policy prohibiting age discrimination in employment;

3. HWC will not retaliate against anyone for making a report or complaint about unlawful employment discrimination, for filing a charge of discrimination, or for participating in any way in a proceeding under the ADEA;  and

4. HWC will train all members of the Executive Committee of the HWC English Department and all others involved in hiring decisions for full-time tenure-track faculty members for the HWC English Department  regarding their duties, rights, and obligations under the ADEA.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex, religion, national origin, age, disability, genetic information, and retaliation.  Further information about EEOC and these laws is available on EEOC's web site at www.eeoc.gov.  If you believe you have been subjected to unlawful discrimination or retaliation, you may contact EEOC by phone at (312) 869-8000 or by TTY at (312) 869-8001.  The EEOC charges no fees.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material.  Any questions about this Notice or compliance with its terms may be directed to: City Colleges Consent Decree Compliance; EEOC – Legal Unit; 500 West Madison Street, Suite 2000; Chicago, Illinois 60661.

__June 13, 2017_____          _____

Date                                               United States District Court Judge Sara L. Ellis